# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES ex rel.,**
**BEVERLY COSS,**

                **Plaintiff,**

**-vs-**                                          **Case No. 6:07-cv-750-Orl-28KRS**

**NORTHROP GRUMMAN, INC.,**

                **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO WITHDRAW AS COUNSEL (Doc. No. 4)** |
| **FILED:** | **April 25, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    On May 2, 2007, Plaintiff/Relator Beverly Coss filed a *qui tam* complaint against Defendant Northrop Grumman, Inc. Doc. No. 1. After the United States declined to intervene, Plaintiff/Relator Beverly Coss' counsel filed the present motion seeking to withdraw, as it had an agreement with Coss that it could elect not to pursue her claims if the United States failed to intervene. Doc. No. 4.

    A hearing on the motion to withdraw was set for May 15, 2008. I ordered that Coss personally appear before the Court at the hearing. Coss was cautioned that failure to attend the hearing could result in sanctions, including a recommendation that the presiding district judge enter an order

dismissing the case without further notice. Coss was further advised that she could not proceed as a relator unless she was represented by counsel. Doc. No. 5 (citing *United States, ex. rel. White v. Apollo Group, Inc.*, No. EP-04-CA-452-DB, 2006 WL 487853, at *3 (W.D. Tex. Jan. 6, 2006) ("A pro se relator cannot prosecute a *qui tam* action because policy considerations forbid litigants to be represented by non-lawyers.")). Thus, unless a new attorney filed an appearance of her behalf, she would no longer be permitted to proceed in this action. *Id.* Counsel for Coss submitted an affidavit verifying that they sent the Order and Notice of Hearing to Coss at her last known address of record. Doc. No. 8.

At the hearing on the present motion, Coss did not appear or otherwise contact the Court, or her attorneys, regarding her inability to attend.

Federal Rule of Civil Procedure 16(f) provides, in pertinent part, as follows: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference . . . or (C) fails to obey a scheduling or other pretrial order." Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits the Court to dismiss Coss' action, in whole or in part.

It is undisputed that Coss has failed to obey the Court's Order and appear at the hearing. She was notified of the requirements of the order by her attorneys at her last known address of record. As Coss has failed to maintain contact with her attorneys and failed to attend a hearing she was required to attend, I conclude that she has abandoned the litigation.

Accordingly, I respectfully recommend that the Court **GRANT** the Motion for Leave to Withdraw as Counsel. Doc. No. 4. I further recommend that the case be **DISMISSED without prejudice** for failure to comply with a pretrial order of the Court as required by Federal Rule of Civil

Procedure 16(f). If the Court adopts this recommendation, I recommend that the Clerk of Court be directed to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 21, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy